IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

27.8089

MARTIN SCOTT,

   Plaintiff,

vs.

METRO GOV'T OF NASHVILLE AND
DAVIDSON COUNTY;, TRACKING
SOLUTIONS, INC.; MALLORY
WITHERS, in her individual capacity;
BRIAN CAVALIERE, in his individual
capacity; and TYLER LEWIS, in his
individual capacity,

   Defendants.

NO. 3:25-CV-01393

## DEFENDANT TRACKING SOLUTIONS, INC.'S MOTION TO DISMISS COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983) AND SUPPLEMENTAL STATE LAW CLAIMS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)

Comes now this Defendant, Tracking Solutions, Inc. (hereinafter "this Defendant"), by and through counsel of record, and files this Motion to Dismiss Plaintiff's "Complaint for Violation of Civil Rights (42 U.S.C. §1983) and Supplemental State Law Claims" (ECF Doc. No. 1) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In support, this Defendant states the following:

This Defendant is a private corporation. Plaintiff has improperly asserted federal claims against all Defendants, including this Defendant pursuant to 42 U.S.C. § 1983 in **Count IV – Unreasonable Search and Seizure (42 U.S.C. §1983 – Fourth Amendment)** and **Count VI –**

**Procedural Due Process and Right to a Hearing (42 U.S.C. §1983 – Fourth, Sixth and Fourteenth Amendments)** of the Complaint.[1] Plaintiff has additionally asserted a single state law claim against this Defendant in **Count XII - NEGLIGENCE AND NEGLIGENCE PER SE (Tennessee Common Law – Supplemental Jurisdiction 28 U.S.C. §1367)**.[2]

However, Plaintiff has failed to state a claim in the Complaint upon which relief may be granted against this Defendant under §1983 in either Count IV or Count VI. As addressed in this Defendant's Memorandum, Plaintiff's Complaint does not allege sufficient specific allegations against this Defendant to support a cause of action against this Defendant as a "state actor" pursuant to 42 U.S.C. § 1983 in either Count IV or Count VI. Plaintiff relies in the Complaint on two rulings (*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937-39 (1982) and *Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n*, 531 U.S. 288 (2001)) in support of a finding that this Defendant was a "state actor". However, a review of those rulings and other 6th Circuit rulings with the allegations against this Defendant in the Complaint support a finding that this Defendant was not a state actor and supports dismissal of both Couth IV and VI as to this Defendant pursuant to 12(b)(6) of the Federal Rules of Civil Procedure.[3]

After dismissal, the only remaining cause of action against this Defendant, **Count XII - NEGLIGENCE AND NEGLIGENCE PER SE (Tennessee Common Law – Supplemental Jurisdiction 28 U.S.C. §1367)** is a state law claim. However, in the absence of any remaining federal question causes of action against this Defendant to invoke §1331 subject-matter jurisdiction, the sole remaining state law cause of action against this Defendant **Count XII -**

---

[1] *See* ECF Doc. No. 1, Complaint, Count IV and VI.
[2] Id., Count XII
[3] *See Ashcroft*, 129 S. Ct. at 1949 (2009) ("A complaint must contain sufficient facts 'to "state a claim to relief that is plausible on its face"' to survive a motion to dismiss.")

**NEGLIGENCE AND NEGLIGENCE PER SE (Tennessee Common Law – Supplemental Jurisdiction 28 U.S.C. §1367)** should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

**WHEREFORE, PREMISES CONSIDERED**, this Defendant asserts that neither the *Lugar* nor *Brentwood Academy* rulings support a finding that the §1983 allegations in the Complaint against this Defendant in Count IV and Count VI state a claim for which relief can be granted. Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(6), **Count IV – Unreasonable Search and Seizure (42 U.S.C. §1983 – Fourth Amendment)** and **Count VI – Procedural Due Process and Right to a Hearing (42 U.S.C. §1983 – Fourth, Sixth and Fourteenth Amendments)** should be dismissed as to this Defendant. Following that, this Court should dismiss the remaining state law claim against this Defendant (**Count XII - NEGLIGENCE AND NEGLIGENCE PER SE (Tennessee Common Law – Supplemental Jurisdiction 28 U.S.C. §1367)** pursuant to Federal Rule of Civil Procedure 12(6)(1) and for a lack of subject matter jurisdiction under §1331.

Dated: January 15, 2026

Respectfully submitted,

**McNABB, BRAGORGOS, BURGESS & SORIN, PLLC**

*/s/ R. Scott McCullough*
R. SCOTT McCULLOUGH - #19499
RICHARD SORIN - #17569
Attorneys for Tracking Solutions, Inc.
81 Monroe, Sixth Floor
Memphis, Tennessee 38103
Telephone: (901) 624-0640
Fax: (901) 624-0650
smccullough@mbbslaw.com

3