# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

| | | |
|---|---|---|
| **MARTIN SCOTT,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:25-cv-01393 |
| | ) | JUDGE TRAUGER |
| **METRO. GOV'T. OF NASHVILLE** | ) | **JURY DEMAND** |
| **AND DAVIDSON COUNTY,** | ) | |
| | ) | |
| **TRACKING SOLUTIONS, INC.,** | ) | |
| | ) | |
| **MALLORY WITHERS,** | ) | |
| *in her individual capacity* | ) | |
| | ) | |
| **BRIAN CAVALIERE,** | ) | |
| *in his individual capacity* | ) | |
| | ) | |
| **TYLER LEWIS,** | ) | |
| *in his individual capacity* | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR LEAVE TO FILE PROPOSED FIRST AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT

Comes now Plaintiff, by and through counsel, pursuant to Federal Rule of Civil Procedure 15(a)(2), and moves this Court for leave to file a First Amended Complaint and in support thereof states as follows:

### BACKGROUND

1. Plaintiff commenced this action by filing his Complaint on December 2, 2025.

2. On December 8, 2025, a copy of the Complaint and Summons was served on Defendant Metro, by Deputy Robert Harris of the Davidson County Sheriff's Office ("DCSO").

3. Defendant Metro requested an extension of time by which to file its responsive pleading on January 28, 2026, through its UNOPPOSED MOTION FOR EXTENSION OF TIME. The motion for extension of time was granted by the Court on January 28, 2026.

4. Defendant Metro then filed its Motion to Dismiss on February 4, 2026.

5. On February 18, 2026, Plaintiff filed his UNOPPOSED MOTION FOR EXTENSION OF TIME AND CONTINUANCE OF CASE MANAGEMENT CONFERENCE seeking until March 20, 2026, to file Plaintiff's response to Metro's Motion to Dismiss. The motion for extension of time was granted by the Court on February 18, 2026.

6. On March 20, 2026, Plaintiff filed his Response in Opposition to Defendant Metro's Motion to Dismiss.

### LEGAL STANDARD

7. Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading with the Court's leave, and "[t]he court should freely give leave when justice so requires."

8. The Supreme Court has instructed that leave to amend should be granted absent undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

9. The Sixth Circuit likewise recognizes that Rule 15 embodies a liberal amendment policy. See, e.g., *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015).

### ARGUMENT

10. Plaintiff respectfully submits that leave to amend should be granted because this case remains in its early procedural posture and the requested amendment is consistent with Rule

2

15's liberal standard. Plaintiff timely responded to Defendant Metro's Motion to Dismiss on March 20, 2026, and now seeks leave to amend in light of the issues raised therein.

11. The proposed amendment directly addresses those issues and clarifies Plaintiff's allegations regarding municipal liability, probable cause, and causation. Allowing amendment at this stage will streamline the issues before the Court, avoid piecemeal litigation, and promote judicial economy by ensuring that the operative pleading reflects the most complete and refined statement of Plaintiff's claims.

## LR 7.01(a)(1) AND LR 15.01 COMPLIANCE

12. Plaintiff has complied with Local Rule 7.01(a)(1) by making a good-faith effort to confer with opposing counsel regarding the relief requested herein. On March 20, 2026, Plaintiff emailed counsel for Defendant Metro and received confirmation that Metro does not oppose the filing of the proposed amended complaint. Plaintiff also emailed counsel for the remaining defendants, including Mallory Withers and Tracking Solutions, Inc., on March 20, 2026, and followed up on March 26, 2026, and again on the morning of March 30, 2026. In addition, Plaintiff attempted to reach counsel for those defendants by telephone on the morning of March 30, 2026. Despite these efforts, Plaintiff has not received a definitive position from all parties and therefore files this Motion to allow the Court to resolve the issue.

Date filed: April 3, 2026.

Respectfully submitted,


s/Cody Johnson/
Cody Johnson, Esq.
BPR No. 037568
Turklay Law, PLLC
Attorney for Plaintiff
102 E Main Street Suite A
Lebanon, TN 37087
P: (629) 200-7774
Cody@TurklayLaw.com

4