| | |
|---|---|
| MARTIN SCOTT, **Plaintiff,** | ) |
| | ) |
| | ) |
| **v.** | ) |
| | ) No. 3:25-cv-01393 |
| METROPOLITAN GOVERNMENT OF | ) |
| NASHVILLE AND DAVIDSON | ) Judge Trauger |
| COUNTY, *et al.,* | ) |
| | ) JURY DEMAND |
| **Defendants.** | ) |

### DEFENDANTS TYLER LEWIS AND BRIAN CAVALIERE'S
### MOTION TO DISMISS AND MEMORANDUM OF LAW

Plaintiff Martin Scott was twice arrested for harassment, stalking, and other violations of an order of protection that his former companion Mallory Withers had obtained against him. Now Plaintiff alleges that Defendants Tyler Lewis and Brian Cavaliere, two detectives who assisted Ms. Withers with obtaining warrants for two of the six charges, violated his constitutional rights by fabricating evidence and maliciously prosecuting him. But none of those claims can survive a Rule 12(b)(6) motion.

First, the malicious prosecution claims fail because the Amended Complaint does not sufficiently allege the detectives made, influenced, or participated in the decision to prosecute. As to Det. Lewis, this claim also fails because the state court judge's finding of probable cause is an intervening act that broke the causal chain. Second, the Amended Complaint does not allege that the detectives fabricated any evidence, nor does Plaintiff have a right to dictate how an officer conducts an investigation, which dooms his fabrication-of-evidence claims. Third, qualified immunity protects the detectives because no clearly established law put them on notice that their conduct violated the Constitution.

{N0758522.2}

1

Because the Amended Complaint fails to plead the elements required for these claims against Det. Lewis and Det. Cavaliere, they should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## STATEMENT OF FACTS[1]

### I.      Plaintiff's December 2024 Warrants and Arrest

In 2023 and 2024, Plaintiff and co-defendant Mallory Withers were in a "compensated" relationship in which Plaintiff paid Ms. Withers for sexual encounters. (Am. Compl. ¶ 14, Doc. No. 33.) That relationship soured, and on November 14, 2024, Ms. Withers obtained an order of protection against Plaintiff. (*Id.* ¶¶ 14, 24.) On December 3, 2024, Ms. Withers swore out affidavits alleging Plaintiff (1) harassed her with repetitive phone calls and (2) stalked her with texts from unknown numbers about her activities and locations. (*Id.* ¶ 22; Ex. N – Criminal Warrants at 1–2, Doc. No. 30-14.) Based on those allegations, warrants were issued against Plaintiff for harassment and stalking. (Am. Compl. ¶ 22.)

Plaintiff had previously notified Ms. Withers that he would be issuing IRS 1099 forms reflecting payments he made to her during their "arrangement." (*Id.* ¶¶ 14, 17.) On December 10, 2024, Ms. Withers received Plaintiff's first 1099 form, and she reported to officers of the Metro Nashville Police Department ("MNPD") that receiving Plaintiff's mailing violated the no-contact provision of the order of protection. (*Id.* ¶ 26.) On December 20, 2024, Plaintiff was arrested on the harassment and stalking warrants, and an additional no-contact domestic violence bond condition was imposed. (*Id.* ¶ 25; *see also* Ex. N – Criminal Warrants at 5.) And on December 23, 2024, Ms. Withers swore out two

---

[1] As drawn from Plaintiff's Amended Complaint. (Doc. No. 33.) For the Court's convenience, only those facts pertinent to the claims against Dets. Lewis and Cavaliere are presented here.

additional affidavits, from which two new warrants were issued against Plaintiff for violating the order of protection and for harassment, both based on Ms. Withers's receipt of the 1099 form. (Am. Compl. ¶ 26.)

Plaintiff's Amended Complaint does not identify which MNPD officers assisted Ms. Withers with any of the warrants obtained in December 2024. Nor does it identify which MNPD officers participated in Plaintiff's December 20, 2024, arrest.

## II. Plaintiff's January 2025 Warrants and Arrest

On January 17, 2025, Ms. Withers reported to MNPD Detective Tyler Lewis that on December 26, 2024, she received Plaintiff's second 1099 form. (*Id.* ¶ 29; Ex. N – Criminal Warrants at 5.) Based on that information, Det. Lewis swore out a warrant for violating the no-contact domestic violence bond condition. (Am. Compl. ¶ 29.) And on January 20, 2025, Ms. Withers reported to MNPD Detective Brian Cavaliere that Plaintiff had harassed her and stalked her via Instagram and a dating application. (*Id.* ¶ 32.) Based on that information, Det. Cavaliere swore out a warrant for aggravated stalking. (*Id.* ¶ 33; Ex. N – Criminal Warrants at 6.) Plaintiff was arrested a second time on January 29, 2025, on these two warrants. (Am. Compl. ¶ 34.) The Amended Complaint does not identify which MNPD officers participated in this arrest.

At Plaintiff's March 27, 2025, preliminary hearing on all six charges, a state court judge found probable cause for three of the charges and bound them over to the grand jury. (*Id.* ¶¶ 39, 54; Ex. K – Preliminary Hearing Transcript at 143:12-17.) True bill indictments were returned on the December 23, 2024, harassment charge and the January 17, 2025, no-contact bond condition violation charge, both of which were based on Ms. Withers's receipt of the 1099 forms. (Am. Compl. ¶¶ 54, 85.)

In September 2025, the Assistant District Attorney informed Plaintiff that if he withdrew his "1099 and tax claims," the State would drop the charges against him. (*Id.* ¶

55.) And when Ms. Withers failed to appear at a hearing on October 29, 2025, the State dismissed Plaintiff's charges. (*Id.* ¶ 56.)

### III.  Plaintiff's Affidavits

On April 7, 2025, while his criminal prosecution was on-going, Plaintiff presented to Det. Cavaliere his own affidavits alleging Ms. Withers fabricated evidence and made false reports. (*Id.* ¶¶ 43–44.) On April 23, 2025, Det. Cavaliere informed Plaintiff that the District Attorney would not pursue charges against Ms. Withers while his criminal charges were pending. (*Id.* ¶ 45.)

On April 26, 2025, Plaintiff attempted to present an affidavit to a Night Court Commissioner, who directed him to the District Attorney's Office. (*Id.* ¶ 46.) Plaintiff then presented the affidavit to a different Night Court Commissioner, who directed him to court administration. (*Id.*) And two MNPD officers declined to help Plaintiff present his affidavit to a magistrate. (*Id.*) Also on that day, Det. Cavaliere emailed the Assistant District Attorney about Plaintiff's attempts to obtain warrants, including that Plaintiff had been placed on the Night Court's "radar" to ensure no warrants would be issued against Ms. Withers. (*Id.* ¶ 47.)

### IV.  Plaintiff's Lawsuit

On December 2, 2025, Plaintiff filed this action, (Doc. No. 1), and on April 6, 2026, his Amended Complaint was docketed, (Doc. No. 33). In his Amended Complaint, Plaintiff sues Dets. Lewis and Cavaliere, under 42 U.S.C. § 1983, for malicious prosecution and fabrication-of-evidence. (*Id.*, Counts I, II.)

**LEGAL STANDARDS**

## I.      Motion to Dismiss Under Rule 12(b)(6)

To survive a motion brought under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege in a complaint "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). As the Supreme Court reiterated in *Ashcroft v. Iqbal*, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557) (cleaned up). Further, the tenet that a court must accept as true all the well-pleaded factual allegations contained in a complaint is inapplicable to legal conclusions: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citations omitted). A court need not accept as true a "legal conclusion couched as a factual allegation." *Id.* (citations omitted). Determining whether a complaint states a plausible claim for relief on its face is a context-specific exercise that requires a court to "draw on its judicial experience and common sense." *Id.* at 679 (citations omitted).

## II.      Qualified Immunity

"Under the doctrine of qualified immunity, 'government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Caudill v. Hollan*, 431 F.3d 900, 911 (6th Cir. 2005) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Plaintiff bears the burden of proving two factors to show that Dets. Lewis and Cavaliere are not entitled to qualified immunity from his claims: "(1) that the facts as alleged by him show a violation of a constitutional right; and (2) that such violated right was clearly established." *LeMarbe v. Wisneski*, 266 F.3d

429, 434 (6th Cir. 2001) (citing *Saucier v. Katz*, 533 U.S. 194, (2001)); *Ciminillo v. Streicher*, 434 F.3d 461, 466 (6th Cir. 2006). "Rights at issue must be clearly established, not just in the abstract sense, but in a particularized sense." *Id.* at 912. In fact, the Supreme Court has repeatedly cautioned courts that clearly established law cannot be defined at a high level of generality. *E.g.*, *City & Cty. of San Francisco, Calif. v. Sheehan*, 575 U.S. 600, 613 (2015) (citations omitted). Instead, "existing precedent must have placed the . . . constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). "That's a tough standard. How tough? Well, [a plaintiff] must show that 'then-existing precedent' put the illegality of [the officer-defendant's] conduct 'beyond debate.'" *Ashford v. Raby*, 951 F.3d 798, 801 (6th Cir. 2020). To overcome the qualified immunity defense, a plaintiff must point to a case in which a constitutional violation was found under the *precise* circumstances facing the defendant. *Id.* (emphasis in original).

## ANALYSIS

All of Plaintiff's claims against Dets. Lewis and Cavaliere should be dismissed. First, Plaintiff's malicious prosecution claims fail because he does not sufficiently allege the detectives made, influenced, or participated in the decision to prosecute him. This claim also fails as to Det. Lewis because the state court judge's finding of probable cause is an intervening act that broke the causal chain. Second, Plaintiff's fabrication-of-evidence claims fail because the Amended Complaint does not allege that the detectives fabricated evidence, nor does Plaintiff have a constitutional right to dictate the manner in which an officer conducts an investigation. For these reasons, all claims against Det. Lewis and Det. Cavaliere should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Finally, because no clearly established law put the detectives on notice that their conduct under these facts and circumstances was unconstitutional, they are entitled to qualified immunity from Plaintiff's claims.

## I. Plaintiff's Malicious Prosecution Claims Should be Dismissed for Failure to State a Claim

In Count I, Plaintiff pleads Fourth Amendment malicious prosecution claims against Dets. Lewis and Cavaliere. (Am. Compl. ¶¶ 61–89.) He does not tie the malicious prosecution claim to any single criminal charge. Regardless, Plaintiff must prove (1) a criminal prosecution was initiated, and the detectives made, influenced, or participated in the decision to prosecute; (2) there was a lack of probable cause for the criminal prosecution; (3) that as a consequence of the legal proceeding, he suffered a deprivation of liberty separate and apart from the initial seizure; and (4) the criminal proceeding was resolved in his favor. *Sykes v. Anderson*, 625 F.3d 294, 308–09 (6th Cir. 2010). A defendant influences or participates in a prosecutorial decision when he or she "'knowingly or recklessly' mak[es] false statements that are material to the prosecution either in reports or in affidavits filed to secure warrants." *King v. Harwood*, 852 F.3d 568, 583 (6th Cir. 2017) (quoting *Webb v. United States*, 789 F.3d 647, 665 (6th Cir. 2015)). "A defendant's participation must be marked by 'some kind of blameworthiness, something beyond mere negligence or innocent mistake, to satisfy the elements of a malicious prosecution claim under the Fourth Amendment.'" *Lester v. Roberts*, No. 3:16-CV-00119-CHB-LLK, 2018 WL 8620745, at *6 (W.D. Ky. Dec. 11, 2018) (quoting *Diamond v. City of Kalamazoo*, No. 1:15-CV-696, 2017 WL 3972046, at *7 (W.D. Mich. June 30, 2017)), *aff'd*, 986 F.3d 599 (6th Cir. 2021).

Plaintiff does not allege that either Det. Lewis or Det. Cavaliere were involved in any of the warrants obtained in December 2024 or in Plaintiff's December 20, 2024, arrest.[2] Accordingly, to the extent Plaintiff's malicious prosecution claims stem from any of those

---

[2] Indeed, Det. Lewis's and Det. Cavaliere's names only appear on the two January 2025 warrants. (*See* Ex. N – Criminal Warrants at 5–6, Doc. No. 30-14.)

charges, the Amended Complaint fails to state a claim against the detectives. As to the warrants that Dets. Lewis and Cavaliere helped Ms. Withers obtain, Plaintiff's Amended Complaint fails to state a malicious prosecution claim under the first and second prongs of *Sykes*.

### A. The Amended Complaint Fails to Sufficiently Allege the Detectives Made, Influenced, or Participated in the Decision to Prosecute

According to Plaintiff, the detectives influenced the decision to prosecute him by "swearing to affidavits that were incorporated into warrant applications and charging instruments" that led to his arrests and the criminal proceedings against him. (Am. Compl. ¶¶ 71, 76.) He alleges the detectives acted with "reckless disregard" for the truth and his constitutional rights because their affidavits "omitted material contextual facts known to Defendant Withers that were readily verifiable by the officers through basic investigative steps." (*Id.* ¶¶ 84, 89, 104.) Specifically, he alleges Det. Lewis did not verify "through postal records" the mailing date of the second 1099 form, and that Det. Cavaliere did not (1) identify any evidence linking Plaintiff to the Instagram account, (2) "verify the accuracy or reliability of the dating application's proximity display," or (3) verify geographic restrictions in Plaintiff's bond conditions. (*Id.* ¶¶ 81–83.) These investigative failures, according to Plaintiff, negated the probable cause needed to support the bond violation or aggravated stalking charges brought against him. (*Id.* ¶ 86.) But he is wrong.

First, Plaintiff is not entitled to dictate the manner in which an officer conducts an investigation. *See Garner v. Harrod*, 656 F. App'x 755, 760 (6th Cir. 2016) ("[T]here is no constitutionally protected right to the manner in which a criminal investigation is conducted."). And "implying that [the detectives] failed to conduct a proper investigation amounts to no more than a charge of negligence or innocent mistake, not the sort of 'deliberate or reckless falsehood' or otherwise blameworthy conduct required to make out a

valid malicious prosecution claim." *Johnson v. Moseley*, 790 F.3d 649, 656 (6th Cir. 2015) (quoting *Newman v. Twp. of Hamburg*, 773 F.3d 769, 772 (6th Cir. 2014)).

Second, Plaintiff fails to plead that the detectives' conduct was blameworthy. He does not allege that either detective knew of any grounds to question probable cause or that they knowingly included any misrepresentations in the warrants. Instead, he places that blame on Ms. Withers, alleging that she—not the detectives—provided false statements and omitted relevant facts. (Am. Compl. ¶¶ 84 ("The affidavits omitted material contextual facts known to Defendant Withers."), 94 ("The affidavits and supplemental statements submitted by Defendants contained multiple falsehoods or material omissions attributable to Defendant Withers."), 105 ("Each of those allegations depended on the false statements and material omissions supplied by Defendant Withers.").)

There are no allegations that either detective was consulted by prosecutors about the decision to prosecute Plaintiff on the charges against him. Nor does Plaintiff allege that the detectives urged the prosecutor to pursue the charges, or that they testified for the prosecution. The detectives simply reported information from an alleged victim to a neutral magistrate who determined that probable cause existed. *See Thacker v. City of Columbus*, 328 F.3d 244, 257 (6th Cir. 2003) (victim's statements are enough to establish probable cause).

Plaintiff's conclusory allegation that the detectives acted with "reckless disregard," without more, is insufficient to state a claim. "The Sixth Circuit is clear that terminology like 'intentionally, maliciously, [or] *with reckless disregard* is insufficient standing on its own' to state a plausible claim, but that reference to the complaint's 'factual context' may 'offer enough substance' to allow the claim to survive." *French v. Hester*, 585 F. Supp. 3d 974, 990 (E.D. Ky. 2022) (quoting *Mills v. Barnard*, 869 F.3d 473, 481 (6th Cir. 2017)) (cleaned up) (emphasis added). Here, Plaintiff's assertion that the detectives should have

{N0758522.2}                                               9

done more to investigate amounts to negligence, at best, and does not "offer enough substance" for his claims to survive. *Id.*; *see also Ahlers v. Schebil*, 188 F.3d 365, 371 (6th Cir. 1999) ("Once probable cause is established, an officer is under no duty to investigate further or to look for additional evidence which may exculpate the accused."). Accordingly, Plaintiff fails to plead that either detective influenced or participated in the prosecution. *See Sykes*, 625 F.3d at 309 n.5 ("To be liable for 'participating' in the decision to prosecute, the officer must participate in a way that aids in the decision, as opposed to passively or neutrally participating.")

Finally, that Plaintiff was unsuccessful in his attempts to initiate charges against *Ms. Withers* does not somehow mean that Det. Cavaliere influenced the decision to prosecute *Plaintiff*. He alleges that following his preliminary hearing, his efforts to "present affidavits alleging false reporting and fabrication of evidence by Withers . . . were repeatedly redirected away from neutral judicial review." (Am. Compl. ¶ 68.) First, Plaintiff has no right to have another person prosecuted. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Second, his ability to initiate charges against Ms. Withers had no bearing on his own criminal prosecution, which, by that time, had already been bound over to the grand jury. Moreover, it was the Assistant District Attorney, not Det. Cavaliere, who made the decision not to pursue charges against Ms. Withers. (Ex. X – Snelling & Cavaliere Emails at 2 ("No this is not something I am interested in prosecuting."), Doc No. 30-24.) And Plaintiff appeared before two Night Court Commissioners, both of whom independently declined to review his affidavit. (Am. Compl. ¶ 46.) Accordingly, Plaintiff's unsuccessful attempts to initiate charges against Ms. Withers is evidence of nothing.

The malicious prosecution claims against Dets. Lewis and Cavaliere should be dismissed for failure to state a claim. *See, e.g.*, *Johnson*, 790 F.3d at 655 (dismissing

malicious prosecution claim because complaint did not allege the officers (1) "actually knew of grounds to question probable cause," (2) "testified for the prosecution at any stage, much less that either of them testified falsely or recklessly," or (3) "'pressed' for prosecution in any non-neutral or blameworthy way").

### B. Probable Cause Defeats Plaintiff's Claim Against Detective Lewis

The malicious prosecution claim against Det. Lewis also fails for another reason: the finding of probable cause at Plaintiff's preliminary hearing is an intervening act that broke the causal chain. A judge's finding of probable cause at a preliminary hearing is "an intervening act [that] breaks the causal chain" when that finding is "independent from any misrepresentations, omissions, or other wrongdoing by the defendant." *Howell v. Cox*, 758 F. App'x 480, 483 (6th Cir. 2018) (collecting cases). At Plaintiff's preliminary hearing, a state court judge found probable cause to bind over to the grand jury three of the charges, including the bond violation charge that resulted from Det. Lewis's affidavit. (Ex. K – Preliminary Hearing Transcript at 143:12-17; Am. Compl. ¶ 85 (noting charge "GS1059179" was presented to grand jury and resulted in a true bill of indictment).) As discussed above, Plaintiff's complaint fails to sufficiently allege any wrongdoing by Det. Lewis. Accordingly, the judge's finding of probable cause is an intervening act that breaks the causal chain, and Plaintiff's malicious prosecution claim as to Det. Lewis should be dismissed for failure to state a claim. *See, e.g.*, *Howell*, 758 F. App'x at 483 (dismissing malicious prosecution claim because preliminary hearing's probable cause determination was an "intervening act [that] breaks the causal chain").

## II. Plaintiff's Amended Complaint Fails to State a Fabrication-of-Evidence Claim Against the Detectives

In Count II, Plaintiff repackages his malicious prosecution claims as fabrication-of-evidence claims against Dets. Lewis and Cavaliere. He alleges that the warrants leading to

his arrest were based on "affidavits that omitted material facts and presented misleading information to the issuing magistrate." (Am. Compl. ¶ 91.)[3] But this repackaging fairs no better. "The basis of a fabrication-of-evidence claim under § 1983 is an allegation that a defendant 'knowingly fabricated evidence against [a plaintiff], and [that] there is a reasonable likelihood that the false evidence could have affected the judgment of the jury.'" *Mills*, 869 F.3d at 484 (quoting *Stemler v. City of Florence*, 126 F.3d 856, 872 (6th Cir. 1997)). Like the malicious prosecution claims, Plaintiff bases Count II's claims on how the detectives conducted their investigations into Ms. Withers's claims. But because Plaintiff lacks a right to dictate the manner in which an officer conducts an investigation, these claims should be dismissed.

As explained above, the detectives did not fabricate any of Ms. Withers's statements. And Plaintiff does not allege that they fabricated any other evidence against him. Rather, he alleges Ms. Withers supplied the false statements and material omissions. (Am. Compl. ¶¶ 84 ("The affidavits omitted material contextual facts known to Defendant Withers."), 94 ("The affidavits and supplemental statements submitted by Defendants contained multiple falsehoods or material omissions attributable to Defendant Withers."), 105 ("Each of those

---

[3] Plaintiff purports to bring these claims under both the Fourth and Fourteenth Amendments. (*Id.* at 20.) But the proper vehicle is the Fourth Amendment because such a claim invokes the Fourteenth Amendment only after a plaintiff goes to trial. *Jenkins v. Louisville-Jefferson Cnty. Metro Gov't*, No. 3:17-CV-00151-RGJ, 2019 WL 1048850, at *2 (W.D. Ky. Mar. 5, 2019) (citing *Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 369 (2017)) (Fourth Amendment "allows an individual to pursue [a fabrication-of-evidence claim] if the criminal action does not go on to trial"); *Manuel*, 580 U.S. at 369 n.8 ("By contrast . . . , once a trial has occurred, the Fourth Amendment drops out: A person challenging the sufficiency of the evidence to support both a conviction and any ensuing incarceration does so under the Due Process Clause of the Fourteenth Amendment."). Here, the charges against Plaintiff were dismissed before trial. (Am. Compl. ¶¶ 3, 56 (noting all charges were dismissed by the State following a show cause hearing at which Ms. Withers failed to appear).) Accordingly, only the Fourth Amendment applies to Plaintiff's claims. Regardless, the Amended Complaint fails to state a claim against the detectives.

allegations depended on the false statements and material omissions supplied by Defendant Withers.").)

Without any evidence that the detectives falsified evidence, Plaintiff falls back on critiquing their investigations. He alleges Det. Lewis did not verify "through postal records" the mailing date of the second 1099 form, and that Det. Cavaliere did not verify the geographic restrictions in Plaintiff's bond conditions or identify any evidence linking him to the Instagram account. (*Id.* ¶¶ 101–03.) But "there is no constitutionally protected right to the manner in which a criminal investigation is conducted." *See Garner*, 656 F. App'x at 760. And even if Plaintiff had sufficiently alleged that the detectives' investigations of Ms. Withers's claims were incompetent or negligent, an "'incompetent or negligent investigation' is insufficient to establish a constitutional violation." *Id.* at 761 (quoting *Seigel v. City of Germantown*, 25 F. App'x 249, 250 (6th Cir. 2001)). Accordingly, the fabrication-of-evidence claims against Dets. Lewis and Cavaliere should be dismissed for failure to state a claim. *See, e.g.*, *French*, 585 F. Supp. 3d at 989 (dismissing fabrication-of-evidence claim because the complaint's allegations "are not that [the officer] himself fabricated the evidence, but that [a third party] made the false accusation and [the officer] did not reasonably investigate or research the validity of [the third party's] claims").

## III. No Clearly Established Law Demonstrates That Either Detective Violated Any of Plaintiff's Rights

Plaintiff bears the burden of proving two factors to show that Dets. Lewis and Cavaliere are not entitled to qualified immunity from his claims: "(1) that the facts as alleged by him show a violation of a constitutional right; and (2) that such violated right was clearly established." *LeMarbe*, 266 F.3d at 434 (citing *Saucier*, 533 U.S. at 199). As discussed above, Plaintiff's Amended Complaint fails to plausibly state that either detective violated any of his constitutional rights. And no clearly established law put the detectives

on notice that their conduct under these facts and circumstances was unconstitutional. In fact, based on the cases cited above, clearly established law suggested that their actions were lawful. Accordingly, Dets. Lewis and Cavaliere are entitled to qualified immunity from Plaintiff's claims.

## CONCLUSION

Plaintiff's claims against Dets. Lewis and Cavaliere should be dismissed for failure to state a claim. First, his malicious prosecution claims fail because the Amended Complaint does not sufficiently allege the detectives made, influenced, or participated in the decision to prosecute Plaintiff, and, as to Det. Lewis, the state court judge's finding of probable cause is an intervening act that broke the causal chain. Second, Plaintiff's fabrication-of-evidence claims fail because the complaint does not allege that the detectives fabricated evidence, nor does he have a right to dictate the manner in which an officer conducts an investigation. And because no clearly established law put the detectives on notice that their conduct under these facts and circumstances was unconstitutional, Dets. Lewis and Cavaliere are entitled to qualified immunity.

Respectfully submitted,

THE DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY

WALLACE W. DIETZ (#9949)
DIRECTOR OF LAW

*/s/ Michael R. Dohn*
Melissa S. Roberge (#26230)
  SENIOR COUNSEL
Michael R. Dohn (#37535)
  ASSISTANT METROPOLITAN ATTORNEY
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6341
melissa.roberge@nashville.gov
michael.dohn@nashville.gov
*Counsel for Tyler Lewis and Brian Cavaliere*