# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

**MARTIN SCOTT,**

    **Plaintiff,**

**vs.**

**METRO GOV'T OF NASHVILLE AND**
**DAVIDSON COUNTY;, TRACKING**
**SOLUTIONS, INC.; MALLORY**
**WITHERS, in her individual capacity;**
**BRIAN CAVALIERE, in his individual**
**capacity; and TYLER LEWIS, in his**
**individual capacity,**

    **Defendants.**

**NO.  3:25-CV-01393**

---

### DEFENDANT TRACKING SOLUTIONS, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983) AND SUPPLEMENTAL STATE LAW CLAIMS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)

---

Comes now this Defendant, Tracking Solutions, Inc. (hereinafter "this Defendant"), by and through counsel of record, and files this Motion to Dismiss Plaintiff's "First Amended Complaint" pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1]  In support, this Defendant states the following:

This Defendant is a private corporation.[2] Plaintiff has improperly asserted federal claims against this Defendant as an alleged "state actor" pursuant to 42 U.S.C. § 1983 in **Count IV – Unreasonable Search and Seizure (42 U.S.C. §1983 – Fourth Amendment)** and in **Count VI**

---

[1] *See* ECF Doc. No. 33, "First Amended Complaint".

[2] Id. ¶6.

**– Procedural Due Process and Right to a Hearing (42 U.S.C. §1983 – Fourth, Sixth and Fourteenth Amendments)** of the Complaint.[3]  Plaintiff  has additionally asserted a single Tennessee state law claim of negligence/negligence *per se* against this Defendant (**Count VIII).**[4]

However, Plaintiff has failed to state a claim upon which relief may be granted against this Defendant under §1983 in either Count IV or Count VI. Plaintiff's First Amended Complaint does not allege sufficient specific allegations against this Defendant to support a cause of action against this Defendant as a "state actor" in either Count IV  or Count VI. A review of on-point rulings supports a finding that this Defendant was not a state actor and supports dismissal of both Couth IV and VI as to this Defendant pursuant to 12(b)(6) of the Federal Rules of Civil Procedure.[5]

After dismissal, the only remaining cause of action against this Defendant for negligence/negligence *per se* (Count VIII) is a state law claim. In the absence of any remaining federal question causes of action against this Defendant to invoke §1331 subject-matter jurisdiction, Count VIII should also be dismissed.

As additional basis for dismissal as to this Defendant, Plaintiff suffered no actual, concrete injury in fact as a result of the alleged actions of this Defendant (allegedly imposing "exclusion zones" as part of the GPS monitoring which were not previously part of a court order). The lack of any injury in fact resulting from any alleged action specifically by this Defendant also requires dismissal as to this Defendant. Finally, Plaintiff lacks standing to seek any declaratory or injunctive relief specifically as to this Defendant as alleged in Count VI of the First Amended Complaint.

---

[3] *See* ECF Doc. No. 33, First Amended Complaint, Counts IV and VI.
[4] Id., Count XII
[5] *Ashcroft v. Iqbal,* 556 US 662, 678 (2009)("A complaint must contain sufficient facts 'to "state a claim to relief that is plausible on its face"' to survive a motion to dismiss. Id.)

**WHEREFORE, PREMISES CONSIDERED,** this Defendant respectfully asks this Court to dismiss all causes of action against this Defendant, with prejudice.

Dated: May 4, 2026

Respectfully submitted,

**McNABB, BRAGORGOS, BURGESS & SORIN, PLLC**

*/s/ R. Scott McCullough*
R. SCOTT McCULLOUGH - #19499
RICHARD SORIN - #17569
Attorneys for Tracking Solutions, Inc.
81 Monroe, Sixth Floor
Memphis, Tennessee 38103
Telephone: (901) 624-0640
Fax: (901) 624-0650
smccullough@mbbslaw.com

3