| | |
|---|---|
| MARTIN SCOTT, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 3:25-cv-01393 |
| METROPOLITAN GOVERNMENT OF | ) |
| NASHVILLE AND DAVIDSON | ) Judge Trauger |
| COUNTY, *et al.*, | ) |
| | ) JURY DEMAND |
| Defendants. | ) |

## DEFENDANTS TYLER LEWIS AND BRIAN CAVALIERE'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT

When Plaintiff's conclusory allegations are ignored, the factual allegations and exhibits he attaches to the complaint warrant granting the detectives' motion to dismiss.

**I.     The Detectives Neither Deliberately nor Recklessly Omitted Facts Negating Probable Cause, Which is Fatal to Plaintiff's Claims Against Them**

Plaintiff's malicious prosecution and fabrication-of-evidence claims against the detectives both rely on the same premise: that an officer violates the Fourth Amendment when he "knowingly or recklessly includes false statements or omits material facts from a warrant affidavit" to establish probable cause. (Pl.'s Resp. at 6, Doc. No. 38.) In his response, Plaintiff restates the allegation that the detectives "omitted" from their affidavits that Plaintiff mailed the second 1099 form to Ms. Withers on December 17, 2024. (*Id.* at 4.) Had the affidavits included that information, according to Plaintiff, there would not have been probable cause for a no-contact bond violation because the form was mailed before the bond condition was imposed on December 20, 2024. (*Id.*) But Plaintiff's argument is flawed for several reasons.

First, at the time the detectives swore out their affidavits, only Plaintiff knew when he mailed the second 1099 form. He does not allege that Dets. Lewis and Cavaliere (or Ms.

Withers) were aware of when it was mailed. Ms. Withers only informed the detectives that she received the mailing on December 26, 2024. (Ex. N – Criminal Warrants at 5–6, Doc. No. 30-14.) Second, had the detectives applied a "common-law mailbox rule" to determine when the form was mailed, as Plaintiff suggests, (Am. Compl. ¶¶ 94, 100, Doc. No. 33), they still would have concluded that Plaintiff mailed the form *after* the no-contact bond condition was imposed. As Plaintiff notes, the in-state delivery of a letter via the United States Postal Service occurs within two or three days. (*Id.* ¶ 100.) Taking into account that the Postal Service is closed on Christmas Day and Sundays, three days prior to December 26, 2024, is December 21, which is *after* the no-contact bond condition was imposed on December 20. So even using Plaintiff's logic, the detectives still would have found that probable cause existed for a violation of the no-contact bond condition.

Moreover, neither affidavit relied solely on Ms. Withers's receipt of the second 1099 form. Both detectives' affidavits stated that Plaintiff and Ms. Withers had been in a dating relationship; that she had previously obtained multiple warrants against him for harassing and stalking her; that he had been arrested on those warrants; that his bond conditions prohibit him from communicating with or harassing her, either "directly or indirectly"; and that Plaintiff's repeated communications with Ms. Withers caused her significant emotional distress. (Ex. N – Criminal Warrants at 5–6.) Det. Cavaliere's affidavit also relied on Ms. Withers's allegations that Plaintiff had harassed her and stalked her via Instagram and a dating application. (*Id.* at 6.) Ms. Withers told Det. Cavaliere that the Instagram profile listed information about her "that only [Plaintiff] would have known," and that the dating application showed Plaintiff within one mile from her home at 1:33 a.m. (*Id.* ("[Plaintiff] lives in Warren, TN, which is over an hour away from [Ms. Withers, who] advises there would have been no reason for [Plaintiff] to be at or near her location . . . .").) Thus, the detectives corroborated Ms. Withers's claims, and given Plaintiff's history of harassing and

stalking her, including via 1099 forms, it was reasonable for the detectives to rely on her statements.[1] And "once [the detectives] established probable cause, . . . they were under no duty to continue their investigation and discover the information which [Plaintiff] believes would have exculpated him." *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999).

Simply put, neither detective "recklessly"—much less "knowingly"—omitted facts to establish probable cause. Yet Plaintiff relies on that erroneous allegation to assert that the detectives "participated" in his prosecution, to support his malicious prosecution claim, (Pl.'s Resp. at 8), and to assert that they "laundered" Ms. Withers's statements into affidavits to manufacture probable cause, to support his fabrication-of-evidence claim, (*id.* at 17). And without it, both claims fail, and all that remains is Plaintiff's critiques of how the detectives conducted their investigations, which is insufficient to state either claim. *See, e.g.*, *Johnson v. Moseley*, 790 F.3d 649, 656 (6th Cir. 2015) (quoting *Newman v. Twp. of Hamburg*, 773 F.3d 769, 772 (6th Cir. 2014)) ("[I]mplying that [the detectives] failed to conduct a proper investigation, amounts to no more than a charge of negligence or innocent mistake, not the sort of 'deliberate or reckless falsehood' or otherwise blameworthy conduct required to make out a valid malicious prosecution claim."); *Deering v. Oakland Cnty.*, No. 22-CV-11809, 2025 WL 1831354, at *17 (E.D. Mich. July 2, 2025) (quoting *Ahlers*, 188 F.3d at 373–74) ("An investigation's 'lack of thoroughness might support an inference of negligence, but it does not demonstrate knowing or intentional behavior' required to support a claim for fabrication of evidence.").

---

[1] That Ms. Withers had previously obtained multiple warrants against Plaintiff indicates that she was known to the officers at the Family Safety Center. Accordingly, it was reasonable for Dets. Lewis and Cavaliere to rely on her statements about the continued harassment and stalking in establishing probable cause. *Lester v. Roberts*, 986 F.3d 599, 609 (6th Cir. 2021) (quoting *United States v. Hodge*, 714 F.3d 380, 385 (6th Cir. 2013)) ("And we have recognized that a statement from a witness known to the police is 'generally sufficient to establish probable cause without further corroboration because the legal consequences of lying to law enforcement officials tend to ensure reliability.'").

## II.    Neither Detective Participated In or Influenced Plaintiff's Prosecution

Outside of his implausible allegation that the detectives knowingly or recklessly omitted material facts from their affidavits, Plaintiff fails to rebut that the detectives' participation in Plaintiff's prosecution was passive or neutral. The complaint is devoid of allegations that either detective was consulted by prosecutors about the decision to prosecute, that the detectives urged the prosecutor to pursue the charges, or that they testified for the prosecution. That Det. Cavaliere passed information between Plaintiff and the District Attorney's Office regarding Plaintiff's attempts to initiate charges against *Ms. Withers* does not somehow mean the detective influenced the decision to prosecute *Plaintiff*. As Plaintiff admits, it was the Assistant District Attorney, not Det. Cavaliere, who made the decision not to pursue charges against Ms. Withers. (Am. Compl. ¶ 45 ("Cavaliere informed Plaintiff that the District Attorney's Office would not pursue charges against Withers"); *see also* Ex. X – Snelling & Cavaliere Emails at 2 (ADA Snelling: "No this is not something I am interested in prosecuting."), Doc No. 30-24.) Det. Cavaliere's alleged conduct was merely passive.

## III.    Probable Cause Defeats Plaintiff's Malicious Prosecution Claim Against Detective Lewis

In response to the argument that the finding of probable cause at Plaintiff's preliminary hearing defeats the malicious prosecution claim against Det. Lewis, Plaintiff again relies on his allegation that the detective knowingly or recklessly omitted material facts from his affidavit. (*Id.* at 15–16.) But as outlined above and in the detectives' motion to dismiss, that allegation is wrong. Accordingly, the malicious prosecution claim against Det. Lewis should be dismissed because the preliminary hearing's probable cause determination was an intervening act that broke the causal chain. *See, e.g.*, *Howell v. Cox*, 758 F. App'x 480, 483 (6th Cir. 2018).

## IV. The Detectives are Entitled to Qualified Immunity

Plaintiff's response to the detectives' assertion of qualified immunity rests solely on his allegation that they knowingly or recklessly omitted facts negating probable cause. (*See* Pl.'s Resp. at 20–22.) But that allegation is false. And without it, Plaintiff's complaint fails to state a claim against the detectives. And Plaintiff fails to direct the Court to a case showing that the detectives' conduct—swearing out warrants based on statements from a seemingly reliable witness—was unconstitutional. Accordingly, Plaintiff fails to satisfy his burden of showing that the detectives are *not* entitled to qualified immunity.

### CONCLUSION

Plaintiff's response fails to cure the pleading defects in his complaint. Based on the foregoing and the detectives' motion to dismiss, all of Plaintiff's claims against Dets. Lewis and Cavaliere should be dismissed.[2] And because no clearly established law put them on notice that their conduct under these facts and circumstances was unconstitutional, the detectives are entitled to qualified immunity.

---

[2] Plaintiff also requests leave to amend his complaint *after* the Court has fully considered the detectives' motion to dismiss but *before* it issues its ruling. (Pl.'s Resp. at 22 ("Alternatively, if the Court concludes that additional specificity is required . . . , Plaintiff respectfully requests that [the motion to dismiss] be denied and that Plaintiff be permitted to seek leave to file a targeted Second Amended Complaint.").) This is improper. *See, e.g.*, *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020) ("Plaintiffs cannot . . . amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint."). First, Plaintiff has already amended his complaint to add new allegations, and it is unclear what additional facts could be pled that would save it from dismissal under Rule 12. In fact, Plaintiff appears to expect the *Court* to tell him what additional facts to plead. (Pl.'s Resp. at 19 (indicating he will add "any additional public-record facts the Court deems necessary").) Second, the appropriate tool is already available to Plaintiff: a motion to amend under Rule 15. And the fact that Plaintiff has not moved to amend, even two weeks after the Court requested that he do so, (Doc. No. 42), is telling.

Respectfully submitted,

THE DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY

WALLACE W. DIETZ (#9949)
DIRECTOR OF LAW

*/s/ Michael R. Dohn*
Melissa S. Roberge (#26230)
   SENIOR COUNSEL
Michael R. Dohn (#37535)
   ASSISTANT METROPOLITAN ATTORNEY
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6341
melissa.roberge@nashville.gov
michael.dohn@nashville.gov
*Counsel for Tyler Lewis and Brian Cavaliere*