# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

| | | |
|---|---|---|
| **MARTIN SCOTT,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:25-cv-01393 |
| | ) | JUDGE TRAUGER |
| **METRO. GOV'T. OF NASHVILLE** | ) | **JURY DEMAND** |
| **AND DAVIDSON COUNTY,** | ) | |
| | ) | |
| **TRACKING SOLUTIONS, INC.,** | ) | |
| | ) | |
| **MALLORY WITHERS,** | ) | |
| *in her individual capacity* | ) | |
| | ) | |
| **BRIAN CAVALIERE,** | ) | |
| *in his individual capacity* | ) | |
| | ) | |
| **TYLER LEWIS,** | ) | |
| *in his individual capacity* | ) | |
| | ) | |
| Defendants. | ) | |

---

## MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT

---

Plaintiff Martin Scott, by and through undersigned counsel, respectfully moves for leave to file his Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15.01. In support, Plaintiff states as follows:

<u>**INTRODUCTION**</u>

1.      Plaintiff seeks leave to file the proposed Second Amended Complaint attached as **Exhibit 1**.

2.      The proposed Second Amended Complaint restates the entirety of the pleading with the proposed amendments incorporated, as required by LR 15.01(b).

3.      Pursuant to LR 15.01(a)(1), this Motion describes the reasons supporting the proposed amendments and the substance of the amendments sought.

4.      Pursuant to LR 15.01(a)(2), undersigned counsel conferred with counsel for the parties regarding the proposed amendment. Counsel for Metro and the individual detective Defendants oppose the amendment. Counsel for Tracking Solutions, Inc. opposes the amendment. Counsel for Defendant Withers does not oppose the amendment.

5.      The proposed amendments are warranted because counsel's review, after filing the First Amended Complaint, of body-worn-camera footage and public-records materials revealed additional material facts not incorporated into the First Amended Complaint, including facts concerning Detective Eric Cunningham's involvement with Defendant Withers, the Cunningham/Withers emails, and the December 2024 Form 1099-related police response. Some of those records may have been received shortly before the First Amended Complaint was filed, but counsel had not reviewed them before filing; accordingly, the substance of those records was not included in the First Amended Complaint. The remaining amendments add clarity, conform the pleading to the fuller factual record, further bolster the claims already asserted, and streamline the pleading.

6.      Leave should be granted because the proposed amendments are timely, made in good faith, based substantially on counsel's review of relevant public-records materials, and will

allow the claims to be adjudicated on a complete factual record. Defendants will suffer no undue prejudice because the amendments arise from the same events already at issue in this litigation—including the 1099-related allegations, Plaintiff's arrests and pretrial restrictions, and the imposition and administration of GPS monitoring—and do not inject an unrelated dispute into the case.

7. For these reasons, and for the reasons set forth below, Plaintiff respectfully requests that the Court grant leave to file the proposed Second Amended Complaint.

## INCORPORATED MEMORANDUM OF LAW

## LEGAL STANDARD

8. Federal Rule of Civil Procedure 15(a)(2) provides that, outside amendments as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

9. The Supreme Court has instructed that this mandate is to be applied liberally. In the absence of a substantial reason such as "undue delay, bad faith or dilatory motive," "repeated failure to cure deficiencies by amendments previously allowed," "undue prejudice to the opposing party," or "futility of amendment," leave should be freely given. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Sixth Circuit likewise recognizes that Rule 15 embodies a liberal policy favoring amendment so that cases may be decided on their merits. See *Moore v. City of Paducah*, 790 F.2d 557, 559–62 (6th Cir. 1986); *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458–59 (6th Cir. 2001).

10. Local Rule 15.01(a)(1) requires a motion to amend to "[d]escribe the reasons supporting the proposed amendments and the substance of the amendments sought" and to include the signed proposed amended pleading as an appended exhibit. LR 15.01(a)(2) further requires the moving party to state that counsel conferred with opposing counsel and whether the motion is opposed. Plaintiff satisfies those requirements here.

## REASONS SUPPORTING THE PROPOSED AMENDMENTS

11. The proposed amendments are supported by counsel's review, after filing the First Amended Complaint, of additional public-records materials and body-worn-camera footage whose substance was not incorporated into the prior pleading, and by the need to clarify and refine the claims based on the fuller factual record now available.

12. First, the proposed Second Amended Complaint adds the additional detail concerning Defendant Withers's interactions with law enforcement during the November 5 and December 10, 2024 police encounters captured on body camera.

13. Second, other public-records materials revealed communications between Defendant Withers and Detective Eric Cunningham that materially bear on the initiation and continuation of the criminal proceedings. Those communications provide additional factual support for Cunningham's alleged involvement in the December 3 warrant process, his communications with Withers concerning whether receipt of the 1099 forms could be treated as a violation, and his role in directing or facilitating Withers's later contact with Detective Lewis before the January 17, 2025 affidavit.

14. Third, the proposed amendment adds Detective Cunningham as an individual-capacity defendant based on those Cunningham/Withers communications and related

4

information. The proposed Second Amended Complaint asserts claims against Cunningham in Count I for Fourth Amendment malicious prosecution and Count II for fabrication of evidence/manufactured probable cause.

15. Fourth, the proposed amendments clarify and further support the existing allegations concerning Metro's and Tracking Solutions' GPS-monitoring practices. Those amendments do not inject a new dispute, but instead provide additional factual detail concerning the same GPS-monitoring system already challenged in the First Amended Complaint, including the alleged absence of court-identified exclusion zones, the role of Tracking Solutions in maintaining or enforcing undisclosed restrictions, and the paperwork Plaintiff was required to sign as a condition of securing release.

16. Fifth, the proposed amendments refine the allegations, add clarity, and conform the pleading to the fuller factual record. The proposed Second Amended Complaint continues to arise from the same nucleus of operative facts already pleaded: the 1099-related allegations, the criminal warrants and prosecutions, Plaintiff's arrests, the alleged use of incomplete or misleading probable-cause narratives, the imposition and administration of GPS monitoring, and the constitutional and state-law injuries flowing from those events.

### SUBSTANCE OF THE PROPOSED AMENDMENTS

17. The proposed Second Amended Complaint makes the following substantive amendments:

    A. Adds Eric Cunningham as a Defendant. The proposed pleading adds Detective Eric Cunningham, in his individual capacity, based on newly obtained public-records communications showing his alleged role in the December 3

warrant process, 1099-related communications with Withers, and communications preceding Lewis's January 17 affidavit.

B. Adds New Facts from Body-Worn-Camera Footage. The proposed pleading adds allegations concerning Withers's November 5 and December 10, 2024 interactions with law enforcement, including allegations that Withers did not disclose the paid nature of the arrangement when the domestic characterization was discussed, that she treated receipt of a tax document as criminal contact, that she lacked proof concerning the mailing source and timing, and that responding officers declined to pursue charges based on the 1099 mailing at that time.

C. Adds and Clarifies the Cunningham/Withers Email Allegations. The proposed pleading adds allegations that Cunningham coordinated with Withers during the warrant process, communicated with her about whether the tax documents could be treated as violations, advised that a further warrant could be pursued, and communicated with or identified Lewis before Lewis swore the January 17, 2025 affidavit.

D. Clarifies the 1099 Allegations and Material Omissions. The proposed pleading clarifies that the Forms 1099 were generated and mailed through Tax1099/INFOSEND, that the mailings did not contain threats, demands, requests for payment, personal messages, or instructions to Withers, that the second 1099 was mailed before Plaintiff's December 20 arrest and before bond conditions were imposed, and that the timing and source of the mailings were capable of verification.

E. <u>Clarifies the Instagram, Dating-Application, and Aggravated-Stalking Allegations</u>. The proposed pleading adds detail concerning Withers's alleged lack of proof tying Plaintiff to the Instagram account, the absence of messages or interaction from the account, the lack of a one-mile bond restriction, and the failure to disclose material facts in the aggravated-stalking affidavit.

F. <u>Adds Facts Concerning Plaintiff's Corrective Efforts and the Grand-Jury Proceedings</u>. The proposed pleading adds detail concerning Plaintiff's April 7, 2025 complaint to Cavaliere, the materials provided to MNPD, the generation of an MNPD incident report, and the allegation that MNPD possessed information undermining the 1099 probable-cause narrative before the July 9, 2025 grand-jury proceedings.

G. <u>Clarifies Metro and Tracking Solutions GPS-Monitoring Allegations</u>. The proposed pleading adds facts concerning the standardized bail form, the lack of individualized findings, the absence of exclusion zones or ability-to-pay findings, the operation of Tracking Solutions as part of the pretrial-release process, the paperwork Plaintiff was required to sign to secure release, and the alleged continuation of the same GPS-monitoring structure in later Davidson County proceedings.

H. <u>Refines the Causes of Action</u>. The proposed pleading restates and refines the claims as follows: Count I for Fourth Amendment malicious prosecution against Withers, Cunningham, Cavaliere, and Lewis; Count II for fabrication of evidence/manufactured probable cause against Withers, Cunningham, Cavaliere, and Lewis; Count III for Tennessee malicious prosecution against Withers; Count

IV for unreasonable search and seizure against Metro and Tracking Solutions; Count V for violation of the Sixth Amendment right to counsel against Metro; Count VI for procedural due process and right to a hearing against Metro and Tracking Solutions; Count VII for abuse of process against Withers; and Count VIII for negligence and negligence per se against Tracking Solutions.

I. <u>Clarifies Damages and Requested Relief</u>. The proposed pleading clarifies the injuries alleged to flow from the criminal prosecutions and GPS-monitoring practices, including arrest, detention, attorney's fees, bond-related expenses, reputational harm, emotional distress, loss of firearm possession during the pendency of the charges, monitoring-related costs and obligations, continuous location tracking, and exposure to alleged violation or reporting consequences based on restrictions not identified in any judicial order.

## THE RULE 15 FACTORS FOR LEAVE

18. No substantial reason exists to deny leave.

19. There is no undue delay. Plaintiff seeks leave after obtaining and reviewing additional body-worn-camera footage and public-records materials. The proposed amendment is tied directly to that newly obtained information, particularly the Cunningham/Withers emails and the additional GPS-monitoring records.

20. There is no bad faith or dilatory motive. The amendments are designed to plead the facts more completely, add a newly identified officer whose alleged involvement was revealed through public records, and clarify the claims based on information obtained after the First Amended Complaint.

8

21.     There is no undue prejudice. The proposed amendments arise from the same events already pleaded. Defendants have been on notice that this case concerns the 1099-related prosecutions, the warrant affidavits, Plaintiff's arrests, the GPS-monitoring conditions, and Metro's and Tracking Solutions' alleged pretrial-monitoring practices. The proposed amendment does not inject a separate event, unrelated injury, or new theory requiring an entirely different factual investigation.

22.     The proposed amendment is not futile. The proposed Second Amended Complaint alleges additional facts supporting Plaintiff's claims and identifies the factual basis for each defendant's alleged conduct. To the extent Defendants intend to challenge the sufficiency of any claim, those arguments can be addressed through ordinary motion practice after amendment. They do not provide a basis to deny leave at this stage, where Rule 15's liberal standard favors resolution of claims on their merits.

### CONCLUSION

23.     For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion, permit Plaintiff to file the proposed Second Amended Complaint attached as Exhibit 1, deem the Second Amended Complaint filed as of the date of the Court's order or direct Plaintiff to file it within a time set by the Court, and grant all other relief to which Plaintiff is entitled.

Date filed: May 27, 2026.

Respectfully submitted,

s/Cody Johnson/
Cody Johnson, Esq.
BPR No. 037568
Turklay Law, PLLC
Attorney for Plaintiff
102 E Main Street Suite A
Lebanon, TN 37087
P: (629) 200-7774
Cody@TurklayLaw.com