| | | |
|---|---|---|
| MARTIN SCOTT,<br>　　Plaintiff, | ) <br> ) <br> ) | |
| v. | ) <br> ) | No. 3:25-cv-01393 |
| METROPOLITAN GOVERNMENT OF<br>NASHVILLE AND DAVIDSON<br>COUNTY, *et al.*, | ) <br> ) <br> ) <br> ) | Judge Trauger<br><br>JURY DEMAND |
| 　　Defendants. | ) <br> ) | |

## NOTICE OF FILING SUPPLEMENTAL AUTHORITIES

Defendant Detectives Tyler Lewis and Brian Cavaliere provide notice of supplemental authorities, *United States v. Lineback* and *Reguli v. Hetzel*, submitted in further support of their motion to dismiss Plaintiff Martin Scott's claims against them. (Doc. No. 34.) Taken together, the cases support that the Detectives did not violate Plaintiff's Fourth Amendment rights and that if they did, the right was not clearly established.

## I.     *United States v. Lineback*, No. 25-5687, -- F.4th -- (6th Cir. June 26, 2026)

On June 26, 2026, the Sixth Circuit issued its opinion in *United States v. Lineback*, No. 25-5687, -- F.4th -- (6th Cir. June 26, 2026) (slip opinion attached as Exhibit 1). The plaintiff in *Lineback*, who was found guilty of knowingly possessing child pornography, appealed the trial court's denial of his motion to suppress evidence, asserting the warrant to search his home was not based on probable cause. *Lineback*, slip op. at 4. In affirming the motion's denial, the Sixth Circuit stated it "do[es] not look at probable cause on 'a blank slate' when a warrant has issued"; instead it "pay[s] 'great deference' to the determination of the issuing judge." *Id.* at 4–5 (citations omitted). "In doing so, we evaluate the warrant affidavit based on the 'adequacy of what it does contain, not on what it lacks, or on what a

critic might say should have been added.'" *Id.* at 5 (quoting *United States v. Allen*, 211 F.3d 970, 975 (6th Cir. 2000)).

The plaintiff argued that there was no probable cause because each individual act described in the warrant affidavit was not criminal on its own. *Id.* But in finding the warrant was based on probable cause, the court noted that "probable cause is based on the totality of the circumstances," and "even noncriminal acts can support a probable cause finding when they raise the suspicion of criminal activity." *Id.* (citations omitted).

Here, like the plaintiff in *Lineback*, Plaintiff Scott alleges the charges against were not supported by probable cause because the conduct described in the warrant affidavits, by themselves, "could not establish criminal liability." (Am. Compl. ¶ 78, Doc. No. 33.) But neither detective relied solely on one piece of evidence to find probable cause; rather, they both examined the totality of the circumstances—including noncriminal acts—in concluding probable cause existed. (Ex. N – Criminal Warrants at 5–6, Doc. No. 30-14 (stating Plaintiff and Ms. Withers had been in a dating relationship; she had previously obtained multiple warrants against him for harassing and stalking her; he had been arrested on those warrants; his bond conditions prohibited him from communicating with or harassing her, either "directly or indirectly"; and his repeated communications with her caused her emotional distress).) And because "noncriminal acts can support a probable cause finding when they raise the suspicion of criminal activity," *Lineback*, slip op. at 5, it was reasonable for the detectives to conclude, based on the totality of the circumstances, there was probable cause that Plaintiff violated the law.

Plaintiff also alleges the warrant affidavits "omitted material facts." (Am. Compl. ¶ 78.) But courts in this circuit pay "great deference" to an issuing judge's probable cause determination and evaluate a warrant affidavit "based on the adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added."

*Lineback*, slip op. at 4–5 (cleaned up). And this Court should do the same, notwithstanding Plaintiff's allegations about what the detectives' affidavits *should have* included. (*See* Pl.'s Resp. at 9–11, Doc. No. 38.)

**II.    *Reguli v. Hetzel*, No. 25-5579, -- F.4th -- (6th Cir. June 16, 2026)**

On June 16, 2026, the Sixth Circuit Court of Appeals issued a decision in *Reguli v. Hetzel*, No. 25-5579, -- F.4th -- (6th Cir. June 16, 2026) (slip opinion attached as Exhibit 2). The plaintiffs in *Reguli*, an attorney and her client, were investigated following an incident in which the attorney helped her client evade a state-court order. *Reguli*, slip op. at 2. The individual defendants—a state attorney, two police officers, and an assistant district attorney—all participated in the investigation. First, they convened to formulate a plan. *Id.* at 3. Then, the state attorney investigated and shared her findings with the two officers, who themselves investigated and shared their findings with the assistant district attorney. *Id.* The plaintiffs were eventually indicted and convicted. *Id.* at 4–5. But the convictions were overturned on appeal because the jury instructions omitted a statutory clause containing a material element of the offense. *Id.* at 5–6.

The plaintiffs then sued, lodging Fourth Amendment malicious prosecution claims against the individual defendants, among other claims. *Id.* at 2. In affirming the district court's dismissal of the malicious prosecution claims, the Sixth Circuit noted that the two police officers would be liable for malicious prosecution if their "deliberate or reckless falsehoods result in arrest and prosecution without probable cause." *Id.* at 9 (quoting *Newman v. Twp. of Hamburg*, 773 F.3d 769, 772 (6th Cir. 2014)). "But here, the plaintiffs allege that the officers influenced the prosecution *by omitting evidence that would've exonerated them.*" *Id.* (emphasis added). The Sixth Circuit stated that "the plaintiffs don't cite a single case—state or federal—that requires officers to disclose the absence of any

arguably material information during an investigation." *Id.* at 10. Instead, "the plaintiffs only cite cases where officers fabricated evidence, arrested suspects without probable cause, or substantiated arrest warrants without including obviously exonerating testimony." *Id.* at 10–11 (internal citations omitted). But "[t]he officers didn't do any of these things." *Id.* at 11. Because the plaintiffs failed to carry their burden of proving that the officers violated clearly established law, the officers were entitled to qualified immunity. *Id.* at 10–11.

Here, *Reguli* supports Dets. Lewis and Cavaliere's assertion of qualified immunity from Plaintiff Scott's claims on the basis that no clearly established law put the detectives on notice that their conduct was unconstitutional. (Dets.' Mot. Dismiss at 13–14, Doc. No. 34.) Like the plaintiffs in *Reguli*, Plaintiff alleges the detectives influenced the prosecution by swearing to warrant affidavits that "omitted material facts" that "would have negated probable cause" for the charges against him. (Am. Compl. ¶¶ 71, 78, 86, Doc. No. 33.) Also like the plaintiffs in *Reguli*, Plaintiff failed to cite a case showing that the detectives' conduct—swearing out warrants based on statements from a seemingly reliable witness— was unconstitutional.[1] Accordingly, Plaintiff failed to carry his burden of proving that the detectives violated clearly established law, and, like the officers in *Reguli*, Dets. Lewis and Cavaliere are entitled to qualified immunity.

---

[1] Moreover, this is not a situation where Dets. Lewis or Cavaliere (or, for that matter, Det. Cunningham), *knew* of exculpatory facts but intentionally omitted them from their affidavits. *See Ahlers v. Schebil*, 188 F.3d 365, 372 (6th Cir. 1999) ("[O]fficers, in the process of determining whether probable cause exists, cannot simply turn a blind eye toward potentially exculpatory evidence *known to them* in an effort to pin a crime on someone.") (emphasis added). Rather Plaintiff alleges the detectives' affidavits "omitted material contextual facts *known to Defendant Withers*" that the detectives could have discovered had they taken additional investigative steps. (Am. Compl. ¶ 84 (emphasis added).) And Plaintiff does not cite a single case showing that failing to include *unknown* facts in a warrant affidavit is unconstitutional.

Respectfully submitted,

THE DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY

WALLACE W. DIETZ (#9949)
DIRECTOR OF LAW

*/s/ Michael R. Dohn*
Melissa S. Roberge (#26230)
   SENIOR COUNSEL
Michael R. Dohn (#37535)
   ASSISTANT METROPOLITAN ATTORNEY
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6341
melissa.roberge@nashville.gov
michael.dohn@nashville.gov
*Counsel for Tyler Lewis and Brian Cavaliere*