| | | |
|---|---|---|
| **MARTIN SCOTT,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:25-cv-01393 |
| | ) | JUDGE TRAUGER |
| **METRO. GOV'T. OF NASHVILLE** | ) | **JURY DEMAND** |
| **AND DAVIDSON COUNTY,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANTS TYLER
LEWIS AND BRIAN CAVALIERE'S NOTICE OF FILING SUPPLEMENTAL
AUTHORITIES**

Plaintiff Martin Scott responds in opposition to Defendants Tyler Lewis and Brian Cavaliere's Notice of Filing Supplemental Authorities (Doc. No. 55). The cases cited are distinguishable.

### A. *Lineback* Answers the Wrong Legal Question

Metro's reliance on *United States v. Lineback* begins from the wrong premise. *Lineback* was a criminal suppression case asking whether an issuing judge had a substantial basis to find a fair probability that evidence of a crime would be found in a particular place.[1] Plaintiff's claim asks a different question: whether the detectives caused his arrest and prosecution through affidavits that lacked facts establishing the charged offenses and materially misrepresented the circumstances bearing on probable cause.[2] Deference to an issuing magistrate does not foreclose

---

[1] *United States v. Lineback*, No. 25-5687, slip op. at *6–10 (6th Cir. June 26, 2026).
[2] First Am. Compl. ¶¶ 62–64, 77–86, 91–104, Doc. No. 33.

1

a *Franks*-type claim that the officer deliberately or recklessly presented a materially false or misleading affidavit.[3] *Lineback* involved no allegation that the officer procured the warrant through deliberate or reckless misrepresentations and therefore does not address the misconduct alleged here.

### B. *Lineback* Does Not Permit Speculation to Supply a Missing Fact

Metro also overreads *Lineback*'s observation that lawful acts may contribute to probable cause. Noncriminal conduct may contribute to probable cause, but the facts known to the officer must still support a reasonable probability that the suspect committed the particular offense.[4] In *Lineback*, the otherwise lawful or ambiguous acts were accompanied by altered photographs sent to a minor, comments about the minor's appearance, an invitation to the defendant's home, and prior convictions involving sexual crimes against minors.[5] Here, the dispositive issue is whether Lewis possessed any objective fact showing that the operative mailing occurred while the no-contact restriction was in force.[6] Without that fact, he lacked evidence connecting otherwise lawful conduct to the charged offense. Common sense does not permit an officer to replace a necessary fact with an assumption.[7]

*Lineback* also does not cure Cavaliere's affidavit. Although probable cause is evaluated under the totality of the circumstances, the affidavit must contain facts establishing a nexus between the suspect and the conduct attributed to him; an unsupported attribution cannot itself supply that nexus.[8] Corrected for the pleaded omissions, Cavaliere's affidavit would disclose that

---

[3] *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978); *Vakilian v. Shaw*, 335 F.3d 509, 517 (6th Cir. 2003).
[4] *United States v. Tagg*, 886 F.3d 579, 585–86 (6th Cir. 2018); *Thacker v. City of Columbus*, 328 F.3d 244, 255–56 (6th Cir. 2003).
[5] *Lineback*, slip op. at *2–3.
[6] First Am. Compl. ¶¶ 28–31, 80–81, 99–101, Doc. No. 33.
[7] See *Gardenhire v. Schubert*, 205 F.3d 303, 318 (6th Cir. 2000); *Ahlers v. Schebil*, 188 F.3d 365, 372 (6th Cir. 1999).
[8] See *United States v. Higgins*, 557 F.3d 381, 389–91 (6th Cir. 2009).

the 1099 had already been mailed before bond conditions existed, that the Instagram account had not contacted Withers and was not tied to Plaintiff by identified evidence, and that the written bond order imposed no one-mile restriction.[9] Those are not isolated innocent acts that become incriminating when aggregated.

### C. *Reguli* Involved an Unresolved Mistake of Law, Not the Absence of a Necessary Fact

*Reguli v. Hetzel* is likewise inapposite. There, no Tennessee court had determined whether the custodial-interference statute required expiration of a lawful visitation period, the trial court adopted the prosecution's contrary interpretation, and the Tennessee Court of Criminal Appeals later held that requirement to be a material element.[10] The omitted circumstance's legal materiality was therefore unclear when the officers acted.[11] This case instead concerns the absence of objective facts necessary to place the alleged conduct within the charged offenses.[12] Qualified immunity may protect a reasonable mistake of law; it does not supply a missing fact.[13]

*Reguli* itself identifies the dividing line. It distinguished cases involving fabricated evidence, arrests without probable cause, and warrants obtained without obviously exonerating information, explaining that the officers there "didn't do any of these things."[14] Plaintiff alleges that materially different category: sworn probable-cause narratives presented despite missing temporal and attribution predicates.[15] Lewis's corrected affidavit would disclose that the Form 1099 was mailed before Plaintiff's arrest and bond conditions and was sent by a third-party vendor.[16] Cavaliere's would disclose no identified evidence connecting Plaintiff to the Instagram

---

[9] First Am. Compl. ¶¶ 28–29, 82–84, Doc. No. 33.
[10] *Reguli v. Hetzel*, No. 25-5579, 2026 U.S. App. LEXIS 17408, at *7–10, *14 (6th Cir. June 16, 2026) (discussing *State v. Hancock*, 678 S.W.3d 226, 239 (Tenn. Crim. App. 2023)).
[11] *Id*. at *16.
[12] First Am. Compl. ¶¶ 77–84, Doc. No. 33.
[13] See *Barrera v. City of Mount Pleasant*, 12 F.4th 617, 624 (6th Cir. 2021).
[14] *Reguli*, 2026 U.S. App. LEXIS 17408, at *15–17.
[15] First Am. Compl. ¶¶ 62–64, 77–86, 91–104, Doc. No. 33.
[16] *Id*. ¶¶ 28–31, 80–81, 99–101.

account, no communication from the account to Withers, and no distance-based restriction in the written bond order.[17]

Recent Sixth Circuit authority likewise recognizes reckless disregard where an officer possesses information contradicting the sworn probable-cause narrative yet submits the affidavit anyway. *Tanner v. Walters*, 98 F.4th 726, 736 (6th Cir. 2024) (quoting *Butler v. City of Detroit*, 936 F.3d 410, 419 (6th Cir. 2019)). That is the theory pleaded here: Lewis proceeded without establishing when the mailing occurred, while Cavaliere attributed the Instagram activity to Plaintiff and treated proximity as criminally significant without verifying authorship or any distance restriction.[18] The issue is not hindsight disagreement with an otherwise reasonable investigation, but whether the Detectives converted unresolved factual predicates into affirmative probable-cause assertions.

**D. <u>Metro Recasts the Complaint as a Mere Failure-to-Investigate Claim</u>**

Metro repeatedly characterizes Plaintiff's claim as alleging that the Detectives should have taken "additional investigative steps."[19] That is not the claim pleaded. Plaintiff alleges that the Detectives sought warrants while lacking facts necessary to establish criminal conduct and nevertheless represented that probable cause existed. There is a material difference between negligently failing to pursue every possible lead and recklessly presenting an accusation as supported when the officer lacks evidence of a critical component of the offense.[20] Metro may dispute whether the detectives acted recklessly, but it cannot obtain dismissal by rewriting the allegations as a mere inadequate-investigation claim.

---

[17] *Id*. ¶¶ 32–33, 82–84, 102–03.
[18] First Am. Compl. ¶¶ 29–33, 80–84, 99–103, Doc. No. 33.
[19] Defs.' Notice Suppl. Auths. at 4 n.1, Doc. No. 55.
[20] See *Hinchman v. Moore*, 312 F.3d 198, 205–06 (6th Cir. 2002).

4

**E. Metro's Argument Cannot Be Reconciled with Rule 12(b)(6)**

Finally, Metro's reliance on its own characterization of the allegations disregards the procedural posture. At this stage, the Court must accept Plaintiff's well-pleaded factual allegations as true and construe the Complaint in the light most favorable to Plaintiff.[21] Metro instead asks the Court to infer that the Detectives reasonably relied on Withers, lacked knowledge of material circumstances, and merely failed to pursue additional information.[22] Those may be factual defenses. They are not inferences the Court may draw against Plaintiff on a motion to dismiss.

Respectfully submitted,

s/Cody Johnson/
Cody Johnson, Esq.
BPR No. 037568
Turklay Law, PLLC
Attorney for Plaintiff
102 E Main Street Suite A
Lebanon, TN 37087
P: (629) 200-7774
Cody@TurklayLaw.com

---

[21] *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).
[22] Defs.' Notice Suppl. Auths. at 4 & n.1, Doc. No. 55.

5